IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 APR 30 PM 10: 24
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 1 2001

|  |  |  |
|---|---|---|
| ANITA S. DUCHOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | 99-C-1756-S |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The Court has carefully considered Defendant's renewed Motion for Summary Judgment.

In January of 1997, Plaintiff resigned her employment with Defendant and subsequently requested to rescind her resignation. Defendant permitted her to do so. Eleven months later, Plaintiff failed to show up for work on December 15 and 16, during Defendant's peak season. She did not call in to report being off on either of those days. When Defendant contacted her, she indicated that she was having marital problems and needed an indefinite leave of absence. On December 23, 1997, Plaintiff notified Defendant that she had mailed a letter of resignation. The same day, Defendant notified Plaintiff by letter that it would accept her letter of resignation if she chose to follow through with her decision to resign.

On December 24, 1997, Defendant received from Plaintiff a certified letter of resignation. Upon receiving this letter, together with Plaintiff's corporate identification card, American Express corporate card, and AT&T corporate phone card, Defendant completed



separation papers indicating that it had accepted her letter of resignation. In January of 1998, Plaintiff indicated to Defendant that she wished to rescind her second resignation. Defendant did not permit her to rescind it.

Plaintiff maintains that a male employee, Scott Wade, is an appropriate comparitor. Without question, while in good standing with the company, Wade tendered his resignation. Defendant accepted his resignation and subsequently allowed him to rescind it.

On reconsideration of Defendant's Motion for Summary Judgment, the Court concludes that Wade is not an appropriate comparitor. Like Plaintiff, Wade was allowed to rescind his resignation the first time he requested to do so, but the comparability ends there.

Unlike Plaintiff, Wade remained in good standing with Defendant. In fact, Wade gave Defendant advance notice of his resignation and used his accrued vacation to "try out" a new firefighter position. Plaintiff missed two days of work during Defendant's busiest season, and she inexplicably failed to give advance notice of her absences. She resigned at a time when, had she not done so, Defendant had ample grounds on which to discharge her. Defendant was disinclined to allow her to work again because of its fear that Plaintiff might again inexplicably fail to show up for work at a time when her services were needed most.

The Court concludes that Plaintiff has failed to show that she was treated differently from any similarly situated male employee of Defendant.

DONE this _30th_ day of _April_, 2001.

_____
Chief United States District Judge
U. W. Clemon